NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO ARRIETA-VELA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1889

Agency No.
A206-909-904

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025**
Pasadena, California

Before: GRABER, HAMILTON***, and BUMATAY, Circuit Judges.

Petitioner Sergio Arrieta-Vela is a native and citizen of Mexico. He sought

cancellation of removal in 2017. After a hearing, an immigration judge ("IJ")

rendered an adverse decision in 2018. The Board of Immigration Appeals ("BIA")

agreed and ordered Petitioner's removal in April 2020. We denied the resulting

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

petition for review in late 2022.  Vela v. Garland, No. 20-71420, 2022 WL

17974646 (9th Cir. Dec. 28, 2022).  Shortly thereafter, Petitioner filed a motion to

reopen and terminate removal proceedings, arguing that the IJ lacked jurisdiction

because the initial notice to appear ("NTA") did not list the time and place of the

removal hearing.  The BIA denied the motion.  Petitioner timely seeks review.  We

have jurisdiction under 8 U.S.C. § 1252.  We review the denial of a motion to

reopen for abuse of discretion, and we review questions of law de novo.  De

Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir. 2004).  We deny the petition.

1.  The BIA properly ruled that the motion to reopen was untimely.

Petitioner had 90 days following issuance of the final administrative order of

removal within which to file a motion to reopen.  8 U.S.C. § 1229a(c)(7)(C)(i); 8

C.F.R. § 1003.2(c)(2).  The BIA issued the final order of removal on April 27,

2020, but Petitioner did not file the motion to reopen until early 2023, more than

two and a half years later.

2.  The BIA did not abuse its discretion in concluding that the motion was

not subject to equitable tolling.  Petitioner's legal position on the merits had

already been rejected by this court by the time Petitioner filed his motion to

reopen, as the BIA correctly recognized.  See United States v. Bastide-Hernandez,

39 F.4th 1187, 1193–94 (9th Cir. 2022) (en banc) (holding that failure to include

the date and time of the hearing in an NTA that later is supplemented does not

deprive the immigration court of jurisdiction to effect the removal). In addition, the BIA noted that Petitioner was not diligent; he waited several months after publication of the precedents on which he relies before filing the motion and failed to explain why he could not have raised his claim earlier.

3. Finally, the BIA properly determined that Petitioner did not establish prejudice from the incomplete initial NTA. He received supplemental notices containing all necessary information and attended all relevant hearings. <u>See</u> <u>Campos-Chaves v. Garland</u>, 602 U.S. 447, 461–62 (2024) (holding that an NTA that does not include a date, time, or location is not deficient if the Government provides supplementary written notice including a new date, time, and location). Therefore, Petitioner's due process claim fails.

**PETITION DENIED.**